[No. 584.   September 1, 1896.]

# FIRST NATIONAL BANK OF ALBUQUERQUE ET AL., APPELLEES, v. JOHN A. LEE, EXECUTOR, ET AL., APPELLANTS.

DECEDENT'S ESTATE—SALE OF REAL ESTATE ON PETITION OF CREDITOR TO EXCLUSION OF OTHER CREDITORS.—Where, on the petition of a creditor of the estate of a decedent, whose claim had been allowed by the probate court, for a sale of the real estate of the decedent to pay its claim, on the ground that the personal estate of the decedent was insufficient for that purpose, and the executor had refused to commence any proceeding for the sale of the real estate to pay the debts, the district court granted an order for its sale allowing the petitioner to buy the same and apply its claim in payment, to the exclusion of the other creditors, whose claims had also been allowed, it was error·

ID.—SALE OF INTEREST OF OTHERS IN REAL ESTATE, NOT SUBJECT TO DECEDENT'S DEBTS—PROCEDURE UNDER STATUTES.—Though sections 2228, et seq., Compiled Laws, providing for the sale of decedent's real estate for payment of debts, does not authorize the sale of the interest of any one else therein, not derived through decedent or liable for his debts, a proceeding thereunder for such sale may be joined with one under sections 2274, et seq., providing that, if the lands are not susceptible of division, so that an interest of the widow, not liable for the husband's debts, can be set apart, a sale of the whole may be made.  But before such sale, the interest of the widow should be ascertained, that her rights may be protected at the sale.

APPEAL, from a decree for complainant for a sale of decedent's real estate, from the Second Judicial District Court, Bernalillo County.   Reversed (with leave to complainant to amend).

The facts are stated in the opinion of the court.

F. W. CLANCY and NEILL B. FIELD for appellants.

WARREN, FERGUSSON & GILLETT for appellees.

HAMILTON, J.—This is an appeal from the Second judicial district, Bernalillo county.   The facts as they

appear in the record, so far as it is necessary to state them here, show that William E. Talbott died in Bernalillo county, in 1888, and John A. Lee was appointed his executor. He left surviving him his widow and three children. At the time of his death he was possessed of personal property to the amount, as disclosed in the record, of something like $6,000, and also a large amount of real estate.

During the course of the administration of his estate there was presented and allowed against it by the probate court of Bernalillo county debts to the amount of something like $4,000.

The executor sold the personal property and realized therefrom something like $6,000.

The complainant in this case being a creditor of the estate of the deceased William E. Talbott, and having had its claim allowed against the estate in the sum of $5,500, and there not being sufficient funds arising from the sale of the personal estate of the deceased to pay the complainant its claim, with that of other creditors, the complainants on the third day of November, 1890, presented and filed in the district court in Bernalillo county a petition asking for an order to sell the real estate of the said deceased William E. Talbott to pay its claim.

The petition set out the indebtedness due to the complainant; that the personal property was insufficient to pay its debts; that John A. Lee, executor, after being requested by complainant to do so, had declined and refused to commence and carry on any proceedings in the premises for sale of the real estate to pay the debts. The prayer of this petition, among other things, recites, as follows:

"Wherefore your petitioner prays that the said real estate hereinbefore mentioned, or such portion thereof as may be necessary, be sold or leased by the

said John A. Lee, executor as aforesaid, or that the said executor raise money for the discharge of said debts to your petitioners by mortgage of all or any part of said real estate, and for such other and further relief as may be equitable and proper in the premises."

Answers were filed by the defendants, executor John A. Lee, and by the widow of the deceased, and also by the guardian ad litem for the minor heirs of the deceased.

This cause was referred to a master who found that the value of the personal property was $6,848.54, and that the executor had sold this property and reduced it to cash. He also found that the aggregate amount of claims allowed by the probate court against the estate was admitted by the pleadings to be $40,426.56, while the proof showed only $17,982.28, and that the personal property was insufficient to pay the debts.

Exceptions were filed to the master's report, upon which, upon a final hearing, the court entered a decree, in which the court found, among other things, as follows:

"And the court further finds that the value of the personal estate of said William E. Talbott, deceased, was of the amount and value of six thousand, eight hundred and forty-eight dollars and fifty-four cents ($6,848.54) and that the same had been sold and the proceeds applied by said executor; that the said executor has not made any report of the amount received from such sale of the claims allowed against the said estate which have been paid; and that the aggregate amount of claims allowed by the probate court of said county against the said estate is in excess of seventeen thousand, nine hundred and eighty-two dollars and twenty-eight cents ($17,982.28), and that none of the same have been paid by said executor, and that the

personal estate of said deceased is and will be wholly insufficient to discharge the just claims and debts in favor of said petitioners and others allowed against the estate and expenses of administration and legacies charged thereon and that the amount of such deficiency will be about the sum of $20,000.''

And after further providing for the appointment of a special master to conduct said sale, and the manner in which it should be made, the court then ordered, as follows:

"      *      *      *      and that upon the confirmation of the said sale and conveyance, such purchaser or purchasers shall, upon presentation of such deed, be let into immediate possession of said property and premises, and that upon said sale the said petitioners or either of them shall be and are hereby allowed to bid and become purchasers and to apply the amount of their said claims against said estate towards payment of the purchase money: And it is hereby further ordered, adjudged and decreed, that out of the proceeds of the said sale, the said special master in chancery shall first pay the costs and expenses of this proceeding and of said sale, including the sum of one hundred and fifty dollars, which is hereby allowed as compensation of said special master, Owen, and one hundred and twenty-five dollars compensation to W. B. Childers, Esq., as guardian ad litem of the infant defendants and all taxes and assessments which are and may be payable and constitute a charge or lien upon said property, and thereafter bring into court the remainder of the purchase money to be held and applied in accordance with the findings of the court herein,      *      *      *      .''

From this decree an appeal has brought the case to this court.

Various grounds for the reversal of the judgment have been assigned as error, but as the case must be reversed and remanded to the district court we deem it

DECEDENT'S
estate: sale of
real estate on
petition of cred-
itor to exclu-
sion of other
creditors.

unneccessary to consider but one point raised in the case. The complainants seem to have proceeded upon the idea that they, being a creditor of the deceased Talbott, and having had their claim allowed against the estate, and there not being sufficient personal property out of which to pay them with other creditors, had a right to file this petition for a sale of the real estate, for their personal benefit, and that they had a right to have the proceeds arising from the sale of this real estate applied to the payment and satisfaction of their debt to the exclusion of other creditors, who had also had claims allowed in the probate court against the estate of Talbott.

The court in the rendition of its decree seems also to have carried out the idea of the petitioners, for the court provided in the decree that:

"Upon said sale, the said petitioners or either of them shall be, and are, hereby allowed to bid and become purchasers and to apply the amount of their said claims against said estate towards payment of the purchase money."

By this provision of the decree the complainants in this case had a right to bid upon the property and pay that bid in the amount of the claim which the estate owed them. This clearly gave the petitioners a right to a lien upon the proceeds of the sale of the real estate, prior and superior to that of any other creditor of the estate of Talbott. This in our opinion was error.

This proceeding to subject the real estate of the deceased to the payment of the debts allowed against the estate is statutory. But the statute provides in section 2236 that the form of the proceeding shall conform to the proceedings of courts of chancery, and the issues shall be formed, heard and determined as proceedings in chancery.

The statute provides (section 2228), that whenever it shall appear that the personal estate of any decedent is insufficient to pay up the debts allowed against the estate, resort may be had to the real estate, and the same may be sold, mortgaged or leased by the executor or administrator, if authorized by the will or by order of the court to do so.

Section 2229 provides that the executor or administrator shall present to the district court of the county in which letters of administration were issued, his petition setting forth the amount and value of the personal estate according to the inventory and appraisement thereof, and if the sale has been made of such personal estate, the amount received from such sale, the amount of debts and claims allowed against the estate and the amount still existing and not allowed, so far as the same may be known, also describing the real estate of which the decedent was seized, or that in which he had an interest, and the nature and value of real estate, and the incumbrances, if any.

Section 2239 provides that upon the hearing of the cause it is to be the duty of the court to hear proofs touching the matters alleged in the petition, and if upon such hearing it shall appear that the personal estate would be insufficient to discharge the just debts and claims allowed against the estate, and the expenses of the administrator, the court shall determine, as near as may be, the amount of such deficiency, and may thereupon direct that the real estate, or such portion as may be necessary, be sold or leased by the executor or administrator, or that the executor or administrator raise money for the discharge of such debts, legacies, by mortgage, of all or any part of such real estate, or that any part of such real estate may be sold according as may be seen most for the interest of all persons interested in the estate, due regard being had to the rights of all.

If the court should determine that a sale of the real estate should be made instead of a lease or mortgage thereof, then section 2244 provides that the sale shall be made at such place and upon such notice as the court may direct, not less than twenty days, and the sale shall be at public auction, unless in the opinion of the court it would benefit the estate of the deceased to sell the whole or any part of such real estate at private sale, in which case the court, if asked for in the petition, may order such real estate, or any part thereof, to be thus sold by the executor or administrator, "but such order of sale shall not be granted until such executor or administrator shall have made and returned into court an inventory of such real estate and caused the same to be appraised, in the manner as near as practicable, now prescribed for the appraisement of real estate levied upon by execution, and such appraisement returned into court."

Section 2249 provides that the moneys arising from any such sale of the real estate "shall be assessed in the hands of the executor or administrator for the payment of the debts and legacies; and shall be administrated under the direction of the probate court in the same manner as moneys arising from the sale of personal property."

It is clear from these sections of the statute above quoted that the real estate of the deceased may be subjected to the payment of the debts allowed against the estate.

The proceeding to sell real estate of decedents under the statute does not require the ascertainment of who are creditors of the estate and what may be the amount of each claim, but it is sufficient to show that the sale of the real estate is necessary to pay debts. Of course, when the proceeding is not instituted by the representative of the estate, but by a creditor, his standing as such must be averred and shown in order

to qualify him to institute the proceeding, but when the real estate of the decedent is sold under the decree the proceeds are to be paid over to the executor or administrator for administration under the directions of the probate court.     The statute in terms so requires. His failure or even refusal to institute the proceedings thereby rendering it within the power of a creditor to institute them, does not operate to remove the executor or administrator from office, or revoke his letters.     If the administrator has so conducted himself as to justify his removal, proceedings for that purpose must be regularly instituted, but until so removed he is entitled to administer the estate.

The allowance of an ordinary claim against the estate of a deceased does not give the creditor any superior right or lien over the real estate or the proceeds arising from the sale thereof, prior and superior to the rights of any other creditors whose claim against the estate may be allowed.

By filing this bill the bank did not acquire any prior right to payment of its claim.     The fund when realized must be administered under the order of the probate court in conformity to law, and without any priority to complainant over other creditors.     So much is clear.

If this proceeding be purely statutory under section 2228, et seq., the real estate which may be sold is the real estate of the deceased.     There is no authority under these sections to coerce the sale of the interest of anyone else.     The statute provides, it is true, for making the widow, the heirs and devisees, parties defendant, but this is only because of their interests in the property by and through the deceased.     If the widow has any interest in the real estate otherwise than by descent, and which is not liable for her husband's debts, it is not an interest which can be divested by coercive

SALE of interest of others in real estate not subject to decedent's debts.

sale under the statute.    If the lands are not suscep-
tible of division so that her interest can be set apart a
sale of the whole may be made under the statute.
Section 2274, et seq.    And we do not see why these
two proceedings can not be joined in one suit.    But
before making such sale the interest of the widow
should be ascertained so that her rights at the sale can
be protected without putting her under the burden of
protecting incidently the rights of the creditors.    Her
interest is not the same as against creditors whose
debts were incurred during the life of the act of 1887,
chapter 32, and other creditors before and since then.
The amount of debts incurred during the life of the
act of 1887 must, therefore, be ascertained, and the
interest of the widow be ascertained, after considering
such debts and also those of other creditors.    If there
is no difference as to her rights in respect to creditors,
and it is only such interests as may remain after pay-
ing her husband's debts, the necessity of ascertaining
her interests before sale may be unnecessary.

The bill will require material amendments, but
enough has been shown to indicate the proper course
to be pursued in this case.

The cause must be reversed with leave to com-
plainant to amend the bill and for further proceedings
in conformity with this opinion after so doing.

SMITH, C. J., LAUGHLIN, BANTZ, and COLLIER, JJ.,
concur.